**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1233 |
| Plaintiff - Appellee, | D.C. No. 4:23-cr-00402-RM-EJM-1 |
| v. | |
| BENJAMIN MIGUEL LEWIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted June 4, 2024[**]
San Francisco, California

Before: MILLER and BUMATAY, Circuit Judges, and BENNETT, District
Judge.[***]

Following a guilty plea, Benjamin Miguel Lewis was convicted of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

conspiracy to transport illegal aliens for profit, in violation of 8 U.S.C. § 1324, and was sentenced to 41 months of imprisonment and three years of supervised release. He now appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lewis's sole argument is that the district court erred in applying an enhancement under Sentencing Guidelines § 2L1.1(b)(4) because his offense involved transporting an unaccompanied minor. "[W]e review the district court's selection and interpretation of the Sentencing Guidelines de novo and its application of the guidelines to the facts for an abuse of discretion." *United States v. Herrera*, 974 F.3d 1040, 1045 (9th Cir. 2020). We typically review factual findings for clear error. *United States v. Kahre*, 737 F.3d 554, 565 (9th Cir. 2013). But when a defendant failed to object before the district court, we review for plain error. *United States v. Alvirez*, 831 F.3d 1115, 1121 (9th Cir. 2016).

1. The enhancement increased Lewis's offense level from 14 to 18, resulting in an increase in the Guidelines range from 27–33 months to 41–51 months. Lewis argues that because the enhancement had an "extremely disproportionate impact" on the Guidelines range, the district court was required to find the facts supporting the enhancement by clear and convincing evidence. *United States v. Jordan*, 256 F.3d 922, 927 (9th Cir. 2001). In *United States v. Lucas*, however, we overruled our prior cases requiring clear and convincing evidence for certain enhancements

2                                                    23-1233

and held that all enhancements are subject to proof by a preponderance of the evidence. No. 22-50064, 2024 WL 1919741, at \*4 (9th Cir. May 2, 2024) (en banc).

2. Lewis argues that there was insufficient evidence that the minor was unaccompanied. Before the district court, Lewis argued that the government had not adequately proved the minor's age, but he did not question whether the minor was unaccompanied. Under Federal Rule of Criminal Procedure 32(i)(3)(A), a district court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A); *see United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005). Because Lewis did not dispute the presentence report's statement that "the offense involved the transportation of a minor who was unaccompanied by the minor's parent, adult relative, or legal guardian," it was not error—let alone plain error—for the district court to determine that the minor was unaccompanied.

3. Lewis also argues that the involvement of a minor was not reasonably foreseeable to him. The foreseeability requirement comes not from section 2L1.1(b)(4), the Guidelines provision at issue here, but rather from section 1B1.3, which sets forth the conduct that the district court may consider in determining the guideline range. Section 1B1.3(a)(1)(B) provides that "all acts and omissions of others" in a "jointly undertaken criminal activity" can be considered if they were

3                                                      23-1233

"reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). Here, the conduct justifying the application of the enhancement involved Lewis's direct acts and omissions—namely, that he transported a minor, Those acts were relevant under section 1B1.3(a)(1)(A), which covers "all acts and omissions committed . . . or willfully caused by the defendant" and does not include a foreseeability standard. U.S.S.G. § 1B1.3(a)(1)(A).

In any event, the district court conducted a foreseeability analysis, which included an examination of a photograph of the minor whom Lewis transported. The district court concluded that "it is reasonably foreseeable that the transportation would involve a minor" because "at the very least, he could have questioned . . . the person's age." That finding was not clearly erroneous. Indeed, the record reflects that Lewis had been convicted in June 2021 of transporting unaccompanied minors and was on probation for that offense at the time he was arrested in this case.

**AFFIRMED.**